UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY THOMAS,

    Plaintiff,

v.                                        Case No: 6:23-cv-1937-JSS-UAM

JEREMIAH VONTRELL MOORE,
JAMIE CHRISTOPHER POLLARO,
CHRISTOPHER BLASBERG,
JANINE BOGARD, JACKIE
WESTFALL, and JOHN DOE,

    Defendants.
_____/

## **ORDER**

Plaintiff, Larry Thomas, and Defendant Janine Bogard have filed a purported joint stipulation of dismissal with prejudice as to Bogard and Defendant Jackie Westfall contemplating that Thomas, Bogard, and Westfall will each bear their own attorney fees and costs and that Thomas will pay all liens and subrogated interests as between these three parties. (Dkt. 119.) Although the purported stipulation states that Thomas, Bogard, and Westfall agree to the requested dismissal, and although the same counsel represents Bogard and Westfall in this case, that counsel signs the stipulation as the attorney for Bogard, not Westfall. (*See id.*)

The purported stipulation does not invoke a procedural rule or cite any legal authority. (*See id.*) Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an "action," and "in a multi-defendant lawsuit," such as this case, the

word "action" in the rule "can refer to all the claims against one party." *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1037 (11th Cir. 2023) (quotation omitted). Rule 41(a)(1)(A)(i), which permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), does not apply because Bogard and Westfall have served answers, (*see* Dkts. 75, 76). Rule 41(a)(1)(A)(ii), which enables a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii), "requir[es] each and every party that has thus far appeared in a lawsuit to sign [the] stipulation of dismissal," *City of Jacksonville*, 82 F.4th at 1038. The purported stipulation does not satisfy this requirement because it is signed only by Thomas and Bogard—not by the Florida Department of Corrections, Westfall, Jeremiah Montrell Moore, Jamie Christopher Pollaro, Christopher Blasberg, or John Doe. (*See* Dkt. 119.)

Accordingly, the court construes the purported stipulation as a motion to dismiss under Rule 41(a)(2), which states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court considers the purported stipulation's terms to be proper and grants the construed motion to dismiss.

Accordingly:

1. The construed motion to dismiss (Dkt. 119) is **GRANTED**.

2. Thomas's claims against Bogard and Westfall are **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to terminate Bogard and Westfall as Defendants.

4. Thomas, Bogard, and Westfall shall each bear their own attorney fees and costs.

5. Thomas shall pay all liens and subrogated interests as between Thomas, Bogard, and Westfall.

   **ORDERED** in Orlando, Florida, on March 7, 2025.

   _____
   JULIE S. SNEED
   UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record