UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY THOMAS,

       Plaintiff,

v.                                   Case No: 6:23-cv-1937-JSS-UAM

JEREMIAH VONTRELL MOORE,
JAMIE CHRISTOPHER POLLARO,
CHRISTOPHER BLASBERG, and
JOHN DOE,

       Defendants.
_____/

## <u>ORDER</u>

Plaintiff, Larry Thomas, and Defendants Jamie Christopher Pollaro, Christopher Blasberg, and John Doe have filed a purported joint stipulation of dismissal with prejudice (as to the claims against these Defendants) contemplating that each party will each bear his own expenses, fees, and costs. (Dkt. 134.) These Defendants have also filed a notice indicating that they are withdrawing their summary judgment (Dkts. 122, 123, 124) and *Daubert*[1] (Dkt. 129) motions. (Dkt. 135.)

The purported stipulation invokes Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* Dkt. 134 at 1.) Rule 41(a) governs the voluntary dismissal of an "action," and "in a multi-defendant lawsuit," such as this case, the word "action" in the rule "can refer to all the claims against one party." *City of Jacksonville v. Jacksonville*

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

*Hosp. Holdings, L.P.*, 82 F.4th 1031, 1037 (11th Cir. 2023) (quotation omitted). However, Rule 41(a)(1)(A)(ii), which enables a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii), "requir[es] each and every party that has thus far appeared in a lawsuit to sign [the] stipulation of dismissal," *City of Jacksonville*, 82 F.4th at 1038.  The purported stipulation does not satisfy this requirement because it is signed only by Thomas, Pollaro, Blasberg, and Doe—not by former Defendants the Florida Department of Corrections, Janine Bogard, or Jackie Westfall or by current Defendant Jeremiah Vontrell Moore.  (*See* Dkt. 134 at 2.)  Additionally, Rule 41(a)(1)(A)(i), which permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), does not apply because Pollaro, Blasberg, and Doe have served answers (*e.g.*, Dkts. 66, 67, 68) and summary judgment motions (Dkts. 122, 123, 124).

Accordingly, the court construes the purported stipulation as a motion to dismiss under Rule 41(a)(2), which states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The court considers the purported stipulation's terms to be proper and grants the construed motion to dismiss.

Accordingly:

1. The construed motion to dismiss (Dkt. 134) is **GRANTED**.

2. Thomas's claims against Pollaro, Blasberg, and Doe are **DISMISSED with**

**prejudice**.

3. The Clerk is **DIRECTED** to terminate Pollaro, Blasberg, and Doe as Defendants.

4. The Clerk is **FURTHER DIRECTED** to terminate as withdrawn the summary judgment (Dkts. 122, 123, 124) and *Daubert* (Dkt. 129) motions filed by Pollaro, Blasberg, and Doe.

5. Thomas, Pollaro, Blasberg, and Doe shall each bear their own expenses, fees, and costs.

**ORDERED** in Orlando, Florida, on April 23, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 3 -